IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TOU YONG YEE XIONG,

                     Petitioner,                                           ORDER

   v.

                                                                            20-cv-448-jdp

THE STATE OF WISCONSIN,

                     Respondent.

---

      Tou Yong Yee Xiong is a prisoner in the custody of the Federal Bureau of Prisons (BOP) currently housed at the Federal Correctional Complex in Pollock, Louisiana. He pleaded guilty to drug and firearms charges in 2017 and is serving an 84-month sentence. *See United States v. Xiong*, No. 17-cr-66-jdp (W.D. Wis.). Xiong has filed a pro se submission entitled "Habeas Corpus Jurisdictional Challenge." Dkt. 1. Xiong's submission is difficult to understand, but it appears that he seeks to challenge his Wisconsin state convictions: he names the state of Wisconsin as a respondent, and his petition mentions convictions for felony bail jumping, theft of movable property, and battery, which are state-law crimes. I will construe it as a petition for relief under 28 U.S.C. § 2254, which is the statute that authorizes federal courts to review state court convictions.

      Xiong has paid the $5 filing fee, and the petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, I must dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Here, it is plain that Xiong is not entitled to relief.

      As an initial matter, it isn't clear whether Xiong is currently "in custody pursuant to the judgment of a State court" for purposes of 28 U.S.C. § 2254. "The Supreme Court has

interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Kelley v. Zoeller*, 800 F.3d 318, 324 (7th Cir. 2015) (citation and quotation marks omitted). Xiong is currently in federal custody serving a sentence on a federal conviction. There's a possibility that he's also in state custody; at the time of his federal conviction, he was serving a three-year term of probation for his 2016 bail jumping, theft, and battery convictions, which was set to expire in September 2019. Xiong's presentence investigation report indicates that a revocation hearing had been scheduled, but it's not clear from the Wisconsin Court System's online case management system whether that hearing ever actually took place, whether Xiong's probation was revoked, and whether Xiong's term of state custody was extended. If Xiong's term of probation in fact ended in 2019, then he is not in custody for purposes of 28 U.S.C. § 2254 and I lack jurisdiction to consider his petition.

A separate problem with Xiong's filing is that it isn't clear what his basis for challenging the state-court convictions actually is. Xiong asserts that his convictions are "null and void because they . . . are commercial crimes" which are "not law, but rather the color of the law." Dkt. 1, at 1. He says that his past counsel was ineffective because he or she "knew the assigned prosecutor altered and tampered [with] the case to obtain a plea of guilty" and "never truly informed petitioner of the facts about the assumption used against his Fifth Amendment substantial due process required protection." *Id.* These allegations are too vague and under-developed for me to determine whether Xiong might state a colorable habeas claim.

Ordinarily, I would give Xiong an opportunity to supplement his petition to better explain the grounds for his claims. But here, I conclude that doing so would be futile because it's clear that Xiong's claims are procedurally defaulted.

A state prisoner seeking habeas relief from a federal court must first "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). This means that a state prisoner must present his claims through a complete round of state-court review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Lemons v. O'Sullivan*, 54 F.3d 357, 360 (7th Cir. 1995). My review of Wisconsin's online court records shows that Xiong never appealed his convictions for felony bail jumping, theft of movable property, and battery. And it is now too late for him to do so. *See* Wis. Stat. § 808.04 (setting 45-day deadline for filing appeal). That means that Xiong's claims are procedurally defaulted.

The doctrine of "procedural default" prohibits federal courts from reviewing habeas claims if the petitioner's claims are procedurally barred under state law. *See Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004) (petitioner procedural defaults on claim if "the claim was not presented to the state courts and it is clear that those courts would now hold that the claim procedurally barred"). In very rare circumstances, a federal court may excuse a petitioner's procedural default. To fall within this narrow exception, Xiong would have to show cause and prejudice for his failure to exhaust his claims, *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). That requires showing that there was "some objective factor external to the defense" that prevented him from pursuing his claim in state court. *Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003). Here, Xiong was released on probation following his 2016 convictions, so it's not clear what possibly could have prevented him from pursuing post-conviction relief. Courts can also excuse a petitioner's procedural default if the petitioner can show that dismissal would result in a fundamental miscarriage of justice. *Schlup v. Delo*, 513 U.S. 298, 315 (1995). But this usually requires a showing that it is more likely than not that a jury could not have convicted the petitioner in light of new evidence. *Id.*; *Jones v. Calloway*, 842 F.3d 454, 461 (7th

3

Cir. 2016). Here, Xiong makes no assertion that he is actually innocent, so that exception doesn't apply.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. It is clear that Xiong's claims are barred by the doctrine of procedural default. Reasonable jurists would not debate whether Xiong is entitled to relief under § 2254. Therefore, no certificate of appealability will issue.

ORDER

IT IS ORDERED that Tou Yong Yee Xiong's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED under the doctrine of procedural default. Xiong is DENIED a certificate of appealability. If Xiong wishes, he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered August 18, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge